UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DTS CONTRACTING, INC.,

    Plaintiff,                                    Case No. 18-cv-11974
                                                Hon. Matthew F. Leitman
v.

ANGELS GENERAL
CONSTRUCTION, INC., *et al.*,

    Defendants.

_____/

# ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF #12)

This is a payment dispute between a contractor and a sub-contractor. Plaintiff DTS Contracting, Inc. alleges that Defendant Angels General Construction, Inc. acted as the general contractor for a project at the Selfridge Air National Guard Base and that Angels failed to pay DTS for the work DTS completed on the project as a sub-contractor. (*See* Compl., ECF #1.)

DTS brings this action under the Miller Act, 40 U.S.C. § 3131 *et seq.* (*See id.*) A plaintiff must file an action under the Miller Act no more than one year after the plaintiff last provided labor or materials to the project at issue. *See* 40 U.S.C. § 3131(b)(4).

1

On August 21, 2018, Defendants filed a motion for summary judgment. (*See* Mot., ECF #12.) Defendants argued that DTS did not file this action within the Miller Act's one-year statute of limitation. (*See id.* at Pg. ID 38.) In support of that motion, Defendants submitted sworn affidavits from their employees in which the employees said that their review of Defendants' records established that DTS had not provided labor or materials to the project at issue in the one year preceding the filing of this action. (*See* ECF ## 12-4, 12-5.)

In response to Defendants' motion, DTS submitted a sworn declaration from its President, Toma Stanaj. (*See* ECF #15-3.) In that declaration, Stanaj said that, based on his personal knowledge, "DTS last performed labor and provided materials at [the project at issue] … on September 19, 2017," or less than one year before DTS filed this action. (*Id.* at ¶4, ECF #15-3 at Pg. ID 123.) Stanaj also submitted a certified payroll record that, he said, "show[ed] that DTS employees were providing labor and materials [to the project at issue] … on September 19, 2017." (*Id.* at ¶5, Pg. ID 123; *see also* ECF #15-2.)

On January 17, 2019, Defendants filed a supplemental brief and additional evidence that Defendants asserted "establish[ed], even more conclusively than previously discussed, that DTS [] last worked at the job site on May 25, 2017, and never provided any services or labor thereafter." (Def.s' Supp. Br., ECF #18 at Pg. ID 128.) This additional evidence included, among other things, evidence that the

project site was "closed and locked" on June 26, 2017, and that no work was conducted, or could have been conducted, at the site after that date. (Supplemental Affidavit of Emir Gardel at ¶¶ 3-5, ECF #18-3 at Pg. ID 138-39.) DTS vigorously disputes this evidence and says that it did work on the site after June 26, 2017. (*See* DTS Supp. Br., ECF #19.)

Defendants have presented evidence in their initial and supplemental submissions that DTS had not provided any labor or materials to the project at issue in the one year preceding the filing of this action. In response, DTS has presented evidence, including a sworn declaration from its President, Toma Stanaj, that it did provide such labor and materials in the one year before it filed this action. This is a quintessential question of fact that cannot be resolved by the Court on summary judgment. *See*, *e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (noting that "weighing the evidence" is a "jury function[], not [that] of a judge"). Accordingly, the Court will deny Defendants' motion for summary judgment.

In Defendants' reply brief, they asked the Court that if it were to deny summary judgment that it limit discovery to "the last-day-of-work issue." (Defendants' Reply Br., ECF #16 at Pg. ID 126.) Given the Stanaj Declaration and supporting documentation, the Court does not believe that limiting discovery is appropriate at this time.

Accordingly, for all of the reasons stated above, Defendants' motion for summary judgment (ECF #12) is **DENIED**. Defendants shall file an Answer to the Complaint within 14 days of this order.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: January 25, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 25, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764